UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DARRIN MACK,

    Plaintiff,

CASE NO.: 6:20-cv-00029

vs.

COLLIS ROOFING, INC.,

    Defendant.

_____/

## COMPLAINT

Plaintiff, DARRIN MACK ("Mr. Mack" or "Plaintiff"), by and through undersigned counsel, hereby sues Defendant, COLLIS ROOFING, INC. ("Defendant") and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (§ 216 for jurisdictional placement) ("the FLSA").[1]

2. At all times material hereto, Plaintiff performed non-exempt duties as a convenience store clerk on behalf of the Defendants in Seminole County, Florida, within the jurisdiction and venue of this Court.

## FLSA COVERAGE

3. Plaintiff was employed by the Defendant from approximately 2001 through December 30, 2019.

---

[1] Plaintiff has commenced the process of filing a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). At such time as the EEOC completes its investigation of the allegations set out in Mr. Mack's Charge, and/or issues a Right-to-Sue Letter, Plaintiff reserves the right to amend this Complaint to include counts of employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*, and the Florida Civil Rights Act of 1992, as amended, F.S. §760.01 *et seq.*

4. Plaintiff worked for the Defendant in a non-exempt capacity as a laborer until his separation of employment on or about December 30, 2019.

5. Based upon the information preliminarily available, and subject to discovery in this cause, Defendant did not compensate Plaintiff for all overtime hours worked in a work week.

6. Defendant directly or indirectly acted in the interest of an employer towards Plaintiff at all material times, including without limitation directly or indirectly controlling the terms of employment of Plaintiff.

7. At all times material hereto, Defendant managed, owned and/or operated a business for profit in Seminole County, Florida, and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control the finances and operations of such business. By virtue of such control and authority, Defendant was an employer of Plaintiff as such term is defined by the Act. 29 U.S.C. §201 *et seq*.

8. At all material times during previous last three years, Defendant has had annual gross revenues of not less than $500,000.00.

9. At all material times during the last three years, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of §§ 3(r) and 3(s)(1) of the Act, in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10. The records, if any, concerning the number of hours worked by Plaintiff are in the possession and custody of the Defendant.

11. The records, if any, concerning the compensation actually paid to Plaintiff are in the possession and custody of the Defendant.

12. Pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

13. At all times pertinent to this complaint, Defendant failed to comply with Title 29 U.S.C. §§ 201–209 in that Plaintiff performed services and labor for Defendant for which Defendant made no provision to pay Plaintiff compensation to which Plaintiff was lawfully entitled for the period of time each day Plaintiff performed labor on behalf of Defendant.

14. Defendant's actions involve a company-wide unlawful pay policy with the uniform result that Plaintiff was denied his proper compensation.

15. Defendant knowingly violated the law by engaging in a uniform practice where it failed to pay Plaintiff employees for all overtime hours worked.

16. Plaintiff has retained the law firm of Jonathan S. Minick, P.A. to represent him and has incurred attorneys' fees and costs in bringing this action.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

17. Plaintiff re-alleges and incorporates herein by reference, all allegations contained in Paragraphs 1 through 16 above.

18. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of Forty (40) hours per work week.

19. Plaintiff was employed by Defendant from approximately 2001 through December 30, 2019.

20. Subject to discovery in this matter, while employed by the Defendant, Plaintiff worked an average of five (5) to six (6) days per week, and worked approximately sixty-five (65) hours each week.

21. Specifically, Defendant paid Plaintiff at a daily rate, however, Defendant did not pay Plaintiff at an overtime rate for the hours he worked in excess of forty (40) per week.

22. Despite its knowledge that Plaintiff worked overtime hours, Defendant failed to pay Plaintiff at all for these additional hours.

23. Defendant knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) hours per week.

24. The failure of Defendant to compensate Plaintiff at his given rate of pay for all hours worked is in violation of the FLSA.

25. Defendant, therefore, is liable to Plaintiff in the amount of his unpaid hours and overtime compensation.

26. By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

27. As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against the Defendant for the payment of compensation for all overtime hours at one and one-half his regular rate of pay for the hours worked for which Plaintiff has not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief including prejudgment interest.

## **DEMAND FOR JURY TRIAL**

28. Plaintiffs demand trial by jury as to all issues so triable.

Dated: January 7, 2020                                  Respectfully submitted,

                                                                                               s/Jonathan S. Minick  
                                                                                               Jonathan S. Minick, Esq.  
                                                                                               FBN:  88743  
                                                                                               E-mail:  jminick@jsmlawpa.com  
                                                                                               Jonathan S. Minick, P.A.  
                                                                                               169 E. Flagler St., Suite 1600  
                                                                                               Miami, Florida 33131  
                                                                                               Phone: (786) 441-8909  
                                                                                              Facsimile: (786) 523-0610  
                                                                                               Counsel for Plaintiff