UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO: 6:20-cv-00029

DARRIN MACK,

    Plaintiff,

vs.

COLLIS ROOFING, INC.,

    Defendant.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, DARRIN MACK, and Defendant, COLLIS ROOFING, INC., by and through their respective undersigned counsel, file this Joint Motion to Approve Settlement Agreement, and in support thereof, state as follows:

1. On January 7, 2020, Plaintiff filed a one-count Complaint against Defendant alleging claims to recover alleged unpaid overtime under the Fair Labor Standards Act ("FLSA").

2. On January 30, 2020, Defendant filed its Answer and Affirmative Defenses in which Defendant denied Plaintiff's allegations and asserted certain Affirmative Defenses to Plaintiff's claims.

3. Subsequent to the filing of the Complaint and Answer and Affirmative Defenses, the parties exchanged the documents and information mandated by the Court's Scheduling Order [Doc. 12], including Defendant's time and payroll records for the Plaintiff.

4. After the parties exchanged documents and Plaintiff filed his sworn Answers to the Court's Interrogatories [Doc. 18; revised Answers – Doc. 19], the parties engaged in extensive settlement discussions all of which precipitated the settlement reached in principle on June 15, 2020, and documented pursuant to that certain Settlement Agreement and General Release effective as of July 10, 2020 ("Settlement Agreement"), a copy of which is attached marked Exhibit A.

5. Although the parties had not yet conducted discovery beyond the discovery required by the Scheduling Order, the settlement was reached after the parties were informed and able to evaluate the strengths and weaknesses of their respective positions, including but not limited to issues involving the days that Plaintiff contends he worked, but Defendant contends he did not work, the application of the Portal to Portal Act, the rate for calculating any alleged unpaid overtime, and the potential for a reduction in liquidated damages given Defendant's good faith reliance on the hours reported on Plaintiff's time sheets.

6. The parties have reached an agreement to compromise and settle their dispute regarding Plaintiff's claim for alleged unpaid overtime without any admission of liability by Defendant and in order to avoid the additional time, risks, expense, unknown duration, and uncertainty of continued litigation in this action.

7. The parties request that the Court approve the Settlement Agreement. *See* Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982); Cheryl Williams v. Elite Metro Corp., Case No. 6:19-cv-1481-Orl-37DCI, 2020 WL 1277547 (M.D. Fla. March 4, 2020).

8. The portion of the settlement payment identified in Paragraph 2(a) and (b) is a fair resolution of Plaintiff's claim for alleged unpaid overtime and liquidated damages.

9. The portion of the settlement payment identified in Paragraph 2(c) represents separately negotiated consideration for Plaintiff's general release of Defendant, agreement not to sue on released claims, waiver of future employment, non-disparagement agreement, and no-trespass agreement, and, therefore, is not a prohibited "side deal" designed to deprive Plaintiff of any wages to which he is entitled for hours worked. *See* Wright, 2020 WL 1277547, at *2-3. Plaintiff is fully apprised of his agreements in this regard and the consideration he is receiving for them, separate and apart from the compromise and settlement of his FLSA claim. Notably, the Settlement Agreement includes a negotiated carve-out to exclude Plaintiff's Charge of Discrimination, currently pending with the Equal Employment Opportunity Commission as Charge No. 511-2020-01748, from the settlement, release and covenant not to sue.

10. The portion of the settlement payment identified in Paragraph 2(d) represents a separately negotiated payment to Plaintiff's attorneys for his fees and costs claimed in the Complaint. Plaintiff's counsel will receive $4,500.00 as payment of fees and costs. As such, no judicial review of the payment to Plaintiff's attorneys is necessary. *See* Bonetti v. Embarq Management Company, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

11. The Settlement Agreement includes every term and condition of the parties' settlement. The settlement represents a fair compromise of Plaintiff's claims given the defenses asserted by Defendant. The settlement resolves a bona fide dispute over the amount of overtime worked by Plaintiff, if any, the rate attributed to the alleged overtime, and the

likelihood of a recovery of liquidated damages if Plaintiff otherwise was successful on the overtime claim.

WHEREFORE, Plaintiff, DARRIN MACK, and Defendant, COLLIS ROOFING, INC., respectfully request that the Court enter an Order:

    A.    Approving the terms of the Settlement Agreement and General Release attached hereto marked <u>Exhibit A</u>; and

    B.    Dismissing this action with prejudice.

Respectfully submitted this 16th day of July 2020.

| | |
|---|---|
| /s/    Jonathan S. Minick | /s/    Rachel D. Gebaide |
| **Jonathan S. Minick, Esquire** | **Rachel D. Gebaide, Esquire** |
| Jonathan S. Minick, P.A. | Florida Bar No. 0157600 |
| 169 E. Flagler Street | Lowndes, Drosdick, Doster, Kantor & Reed, P.A. |
| Suite 1600 | 215 North Eola Drive |
| Miami, Florida 33131 | Orlando, Florida 32802 |
| Telephone: (786) 441-8909 | Telephone: (407) 843-4600 |
| Facsimile: (786) 523-0610 | Facsimile: (407) 843-4444 |
| jminick@jsmlawpa.com | rachel.gebaide@lowndes-law.com |
| | janie.kearse@lowndes-law.com |
| *Attorneys for Plaintiff* | litcontrol@lowndes-law.com |
| | |
| | *Attorneys for Defendant* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of July, 2020, I electronically filed the foregoing with the Clerk of Court pursuant to the Administrative Procedures for Electronic Filing in Civil and Criminal Cases of this Court by using the CM/ECF system which will send notice of electronic filing and complete service of the foregoing as required by F.R.Civ.P.5 to: **Jonathan S. Minick, Esquire,** Jonathan S. Minick, P.A., 169 E. Flagler Street, Suite 1600, Miami, Florida 33131, jminick@jsmlawpa.com.

                                                  /s/    Rachel D. Gebaide
                                                  **Rachel D. Gebaide, Esquire**

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

**THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE** (this "Agreement") is made and entered into by and between **DARRIN MACK, SR.** and his heirs, executors, and assigns (collectively, "Mack"), and **COLLIS ROOFING, INC.**, a Florida corporation ("Collis Roofing") (Mack and Collis Roofing are each a "Party" and, together, the "Parties").

### BACKGROUND

**WHEREAS**, on or about January 7, 2020, Mack filed that certain Complaint styled <u>Darrin Mack v. Collis Roofing, Inc.</u>, currently pending in the United States District Court, Middle District of Florida, Orlando Division, as Case No. 6:20-cv-00029-O (the "Litigation"), alleging unpaid wages in violations of the Fair Labor Standards Act; and

**WHEREAS**, Collis Roofing denies Mack's allegations and asserts that Mack was fully and correctly compensated for all hours worked for Collis Roofing; and

**WHEREAS**, after extensive discussions between counsel for each of the Parties, the Parties have agreed to resolve Mack's claims that are the subject of the Litigation and for Mack to release Collis Roofing from any and all other claims or causes of action, whether or not previously alleged by Mack but not included in the Litigation, that have arisen, might have arisen, or could possibly arise against Collis Roofing through the date hereof, except as specifically excluded from said release herein.

**NOW THEREFORE**, in consideration of the foregoing premises, the covenants and agreements of the Parties set forth herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Mack and Collis Roofing agree as follows:

### AGREEMENT

1. **Recitals**. The Parties agree that the foregoing recitals are true and correct and are incorporated herein by reference.

2. **Settlement Payment**. In consideration of Mack entering into this Agreement to resolve her unpaid wage claims, release Collis Roofing and the Releasees (hereinafter defined) from any and all other claims, waive future employment, dismiss the Litigation with prejudice, and other promises made by Mack herein, Collis Roofing agrees to pay Mack the total sum of **Twelve Thousand and No/100 Dollars ($12,000.00)** (the "Settlement Payment"), which will be paid and reported to the Internal Revenue Service ("IRS") as required by law, as follows:

   a. Three Thousand Five Hundred and 00/100 Dollars ($3,500.00), less deductions for taxes and other withholdings required by law, payable to Mack and reported to the IRS on a Form W-2, representing alleged unpaid wages claimed by Mack;



Darrin Mack
Mack
0017602\187417\9653566v3

**EXHIBIT A**



Collis Roofing

    b.    Three Thousand Five Hundred and 00/100 Dollars ($3,500.00), payable to Mack and reported to the IRS on a Form 1099, representing alleged liquidated damages claimed by Mack;

    c.    Five Hundred Dollars and 00/100 Dollars ($500.00), payable to Mack and reported to the IRS on a Form 1099, representing the consideration paid in exchange for the general release and other representations given and promises made by Mack in this Agreement; and

    d.    Four Thousand Five Hundred and 00/100 Dollars ($4,500.00), payable to Jonathan S. Minick, P.A., on Mack's behalf and reported to the IRS on their respective Forms 1099, representing any and all attorneys' fees and costs that could have been awarded to Mack by a court of competent jurisdiction.

The Settlement Payment shall be delivered to Mack, c/o Jonathan S. Minick, Esquire, Jonathan S. Minick, P.A., 169 E. Flagler Street, Suite 1600, Miami, Florida 33131, within the later of (i) 30 days after Mack signs and delivers this Agreement to counsel for Collis Roofing: Rachel D. Gebaide, Esquire, Lowndes, Drosdick, Doster, Kantor & Reed, P.A., 215 North Eola Drive, Orlando, Florida 32801; rachel.gebaide@lowndes-law.com, or (ii) 15 days after any required Court approval of this settlement; provided that Mack and his attorneys have also delivered completed and signed IRS Forms W-4 and W-9 to counsel for Collis Roofing.

3.    **Payment**. Mack acknowledges and agrees that the payments made pursuant to Paragraph 2(a) and (b) represent a fair compromise and settlement of the sums claimed by Mack in the Litigation. Mack further acknowledges and agrees that the payment made pursuant to Paragraph 2(c) represents sufficient consideration for (i) the release of any claims Mack might have against Collis Roofing for any other reason except claims raised in the pending EEOC Charge (hereinafter defined), (ii) the waiver of future employment, and (iii) the other non-monetary consideration given by Mack in the Agreement. Mack acknowledges and agrees that after Collis Roofing tenders the Settlement Payment and the Litigation is dismissed with prejudice, Mack shall not be owed any further monies by Collis Roofing for any reason except as alleged by him in the pending EEOC Charge.

4.    **No Admission of Wrongdoing**. Mack acknowledges and agrees that Collis Roofing does not admit in any way that the terms and conditions of Mack's employment and alleged separation from employment with, Collis Roofing, including but not limited to, Collis Roofing's payroll practices, were in any way improper, wrongful, or in violation of law, or that the conduct of any owner, manager, member, or employee of Collis Roofing was in any way improper, wrongful, or unlawful. This Agreement does not constitute and shall not be construed as an admission by Collis Roofing or the Releasees of any liability or wrongdoing or any violation of federal, state, or local law, regulation, or ordinance and, to the contrary, any such interpretation is specifically denied.

**Darrin Mack**
Mack

*[signature]*
Collis Roofing

2

0017602\187417\9653566v3

5.  **Release of Claims**. In consideration of that portion of the Settlement Payment described in Paragraph 2(c) of this Agreement, and after obtaining the advice of counsel retained by and on behalf of Mack, Mack hereby voluntarily, knowingly, and willingly releases and waives all rights and claims to date of every nature and description, both known and unknown, against Collis Roofing and its current and former parents, affiliates, subsidiaries, divisions, predecessors, insurers, successors, and assigns, and all of their respective current and former owners, officers, directors, shareholders, members, managers, partners, employees, agents, successors, and assigns (collectively, the "Releasees"), whether such claims are in tort or under contract, statute, regulation, or otherwise, including, without limitation, claims regarding any aspect of Mack's employment or alleged separation from employment with Collis Roofing, any claims relating to the Litigation, and any claims relating to any other event occurring prior to and including the date that Mack executes this Agreement except as set forth below. The claims released include, but are not limited to, rights or claims under all federal, state, and local constitutions, statutes, ordinances, orders, and regulations prohibiting employment discrimination based on classifications protected by law and retaliation or other interference with protected activities, including, but not limited to, claims arising under:

- Constitutions of the United States and the State of Florida;
- Title VII of the Civil Rights Act of 1964, as amended (except as alleged in the pending EEOC Charge);
- Civil Rights Act of 1866, 1870, and 1871;
- Civil Rights Act of 1991;
- Age Discrimination in Employment Act of 1967 (ADEA), as amended;
- Americans with Disabilities Act of 1990 (ADA), as amended;
- Equal Pay Act;
- Fair Labor Standards Act of 1938 (FLSA), as amended;
- Family and Medical Leave Act of 1993 (FMLA), as amended;
- Employee Retirement Income Security Act of 1974 (ERISA), as amended (non-vested rights);
- National Labor Relations Act, as amended;
- Occupational Safety and Health Act of 1970 (OSHA), as amended;
- Older Workers Benefit Protection Act (OWBPA);
- Florida Civil Rights Act of 1992, as amended (except as alleged in the pending EEOC Charge);
- Florida's Private Sector Whistleblower Law;
- Florida's Minimum Wage Law, Fla. Stat. § 448.110;
- Florida's Workers Compensation Law, Fla. Stat. § 440.205;
- Any other federal, state or local civil or human rights law or other local, state or federal law, regulation or ordinance relating to any term, condition, or termination of employment;
- Any and all state statutes or judicial decisions relating in any way to any term,

Darrin Mack

Mack                                                                                                                                      Collis Roofing

3

condition, or termination of employment
- Any public policy, contract, tort, or common law (including, without limitation, those relating to fraud, whistleblower, retaliation, negligent or intentional conduct of any nature, constructive discharge, emotional distress, personal injury);
- Any allegation for damages, costs, fees, or expenses, including expert witness and attorneys' fees; and
- Any and all claims for back pay, front pay, vacation pay or sick pay, bonuses, and any other form of compensation or benefits.

Mack's release herein shall be and remain in effect as a full and complete release of all claims described in this paragraph notwithstanding the discovery of any additional facts upon which such claims may be based. Mack does not waive or release any claims that may arise after the date Mack executes this Agreement.

Notwithstanding anything in this Agreement to the contrary, the Parties acknowledge and agree that Mack's release does not apply to, and Mack is not waiving the claims raised by him in, that certain pending Charge of Discrimination filed by Mack with the Equal Employment Opportunity Commission and assigned Charge No. 511-2020-01748 (the "EEOC Charge").

      6.    **Waiver of Future Employment**. The Parties acknowledge the existence of a bona fide dispute as to whether Collis Roofing terminated Mack's employment in December 2019, as alleged by him. Consistent with Mack's position that he is no longer employed by Collis Roofing, whether his employment ended voluntarily or involuntarily, and without waiving his claims in the pending EEOC Charge, Mack agrees that at no time in the future will Mack apply for employment or otherwise request to be considered for employment with Collis Roofing or any of the Releasees. In the event that Mack applies for employment with Collis Roofing or any of the Releasees, Mack understands and agrees that Collis Roofing or the Releasees, as the case may be, may choose not to hire Mack and the decision not to hire Mack shall not constitute a violation of the United States Constitution, the Constitution of any state, or any federal, state or local law, regulation or ordinance. Mack further agrees and acknowledges that Mack hereby voluntarily waives, releases, discharges, and acquits any such cause or causes of action.

      7.    **No Trespass**. Mack agrees that Mack shall not be physically present on or within 100 yards of Collis Roofing's facility and any Collis Roofing job site.

      8.    **Dismissal of Litigation and Complete Resolution of All Matters**. Upon Collis Roofing's delivery of a fully executed copy of this Agreement to Mack's counsel, Collis Roofing shall file a Joint Stipulation for Dismissal with Prejudice, in the form attached hereto as Exhibit A (the "Joint Stipulation"). Collis Roofing and Mack each agree that neither Collis Roofing nor Mack shall file in the Litigation any further document or pleading other than the Joint Stipulation unless otherwise required by the Court. Mack represents and affirms to Collis Roofing that upon Mack's

**Darrin Mack**                                                                                                                      *[signature]*
Mack                                                                                                                                   Collis Roofing

execution of this Agreement, Mack will have achieved a full and complete settlement of all Mack's differences with Collis Roofing such that no further actions, claims, appeals, demands, or suits will be initiated by or maintained by or on behalf of Mack against Collis Roofing and the Releasees, except any proceeding necessary to enforce the terms of this Agreement and except any proceeding arising out of the pending EEOC Charge.

9. **Representations and Covenants**.

a. **Acknowledgments and Affirmations**. Mack affirms that Mack (i) has not filed or caused to be filed and is not presently a party to, any action, complaint, charge, grievance, or arbitration against Collis Roofing or any of the other Releasees except for the pending EEOC Charge; (ii) has been paid or has received at least the minimum wage and the applicable overtime rate for all hours worked as a result of Mack's employment with Collis Roofing, except as alleged in the Litigation and settled pursuant to this Agreement; (iii) has been paid or has received all compensation, wages, bonuses, commissions, reimbursements, and/or benefits to which Mack may be entitled as a result of Mack's employment with Collis Roofing, except as alleged in the pending EEOC Charge; (iv) has no known workplace injuries or occupational diseases arising out of Mack's employment with Collis Roofing; (v) has not experienced retaliation or interference with any leave requested or taken under the Family and Medical Leave Act during employment with Collis Roofing; (vi) is not aware of any unfair labor practices of Collis Roofing or any of the Releasees; (vii) has not been retaliated against for any objections to, or reports of, any alleged wrongdoing by Collis Roofing or any of the other Releasees, including allegations of corporate fraud, except as alleged in the pending EEOC Charge; and (viii) is not aware of any violations by Collis Roofing or any of the other Releasees of any laws, rules, or regulations except as alleged in the pending EEOC Charge.

b. **Confidentiality and Non-Disclosure**. Mack affirms that he has not disclosed and will not disclose to anyone other than his attorneys, accountants, and tax advisors, if any, the terms of this Agreement including, but not limited to, the amount of the Settlement Payment to be paid to her under this Agreement. When discussing with third parties the status of Mack's allegations, the Litigation, or her disputes with or claims against Collis Roofing, Mack is not prohibited from disclosing that "*I filed a complaint against Collis Roofing for unpaid wages as a result of a bona fide dispute over hours actually worked, and we have resolved the dispute.*"

c. **Covenant Not to Sue**. Mack covenants that Mack will not, either directly or indirectly, commence, prosecute, or cause to be commenced or prosecuted against Collis Roofing or any of the Releasees, any action or other proceeding in any federal, state, or local court based upon any claims, demands, causes of action, obligations, damages, or liabilities which are released by this Agreement. Both Parties acknowledge that this Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state, or local governmental agency. To the extent permitted by law, Mack agrees that if such an administrative claim is made, Mack shall not be entitled to recover any individual monetary relief or other individual remedies. Mack's covenant not to sue does not affect Mack's future right to

Darrin Mack

Mack

Collis Roofing

5

0017602\187417\9653566v3

enforce appropriately in a court of competent jurisdiction the terms of this Agreement; provided, however, that if such enforcement is based on Collis Roofing's failure to fully pay the Settlement Payment, then Mack's sole remedy in such enforcement action is limited to the recovery of the unpaid amount of the Settlement Payment. Mack's covenant not to sue does not affect Mack's future right to commence litigation and seek individual monetary relief arising out of his pending EEOC Charge.

      d. **Subpoenas and Legal Process**. Mack's covenant not to sue does not affect Mack's future right to testify if required by valid and properly served subpoena or other legal process. However, before responding to any subpoena or legal process which in any way involves (or might involve) Collis Roofing or the Releasees, Mack agrees to give Collis Roofing or the Releasees, as the case may be, reasonable notice and opportunity to assert, if they so desire, any objections prior to Mack's testimony, production, or participation in such process by providing a copy of the subpoena or other legal process via U.S. Mail or email to Collis Roofing, to the attention of Collis Roofing's counsel, Rachel D. Gebaide, Esquire, Lowndes, Drosdick, Doster, Kantor & Reed, P.A., 215 North Eola Drive, Orlando, Florida 32801; rachel.gebaide@lowndes-law.com, within three (3) business days after Mack receives service of such subpoena or other legal process. Mack further affirms that as of the date Mack executes this Agreement, Mack has not received any such subpoena or other legal process that involves or might involve Collis Roofing or the Releasees except for legal process in this Litigation.

      e. **Non-Disparagement**. Mack agrees that he will not make any defamatory or disparaging remarks, whether orally or in writing, including but not limited to social media or other electronic means, about Collis Roofing, its owners, managers, products and services, employees, and customers. Mack further agrees that he shall not comment to third parties, orally or in writing, via electronic means, social media, or otherwise, regarding any aspect of Mack's employment and alleged separation from employment with Collis Roofing; provided; however, that Mack is not precluded from disclosing that *"I filed a complaint against Collis Roofing for unpaid wages as a result of a bona fide dispute over hours actually worked, and we have resolved the dispute."*

      f. **No Violations of this Agreement**. Mack represents that Mack has taken no actions which, if this Agreement had been in place, would be a violation of this Agreement.

    10.    **Successors and Assigns**. Mack warrants that Mack has not assigned, pledged, or sold Mack's claims as described herein to anyone else and that Mack has full authority to enter and execute this Agreement. This Agreement shall be binding upon and shall inure to the benefit of Collis Roofing and the Releasees. Without limiting the generality of the foregoing, this Agreement shall also inure to the benefit of any successor in interest or assign of Collis Roofing or the Releasees.

    11.    **Severability**. In the event that any one or more provisions of this Agreement becomes or is declared by a court or other tribunal of competent jurisdiction to be illegal,

| Darrin Mack | wsjtk |
|---|---|
| Mack | Collis Roofing |

6

0017602\187417\9653566v3

unenforceable, or void, excluding the general release language of Paragraph 5 of this Agreement, then this Agreement shall continue in full force and effect without said provision.

12. **Effective Date**. This Agreement shall become effective on the date that the last of the Parties has signed this Agreement (the "Effective Date").

13. **Time to Consider**. Mack agrees that in deciding to execute this Agreement: (i) Mack relied entirely upon Mack's own judgment and that of his attorney, Jonathan S. Minick, Esquire, (ii) no fact, evidence, event, or transaction currently unknown to Mack but which may hereinafter become known to Mack, shall affect in any way or manner the final and unconditional nature of this Agreement, and (iii) Mack's execution of this Agreement is a completely voluntary act on Mack's part. Mack further acknowledges that Mack has retained competent counsel to advise Mack in connection with the terms, effect, and conditions of this Agreement, to wit: Jonathan S. Minick, Esquire, Jonathan S. Minick, P.A. Mack shall deliver this signed Agreement to Collis Roofing's counsel, Rachel D. Gebaide, Esquire, Lowndes, Drosdick, Doster, Kantor & Reed, P.A., 215 North Eola Drive, Orlando, Florida 32801; rachel.gebaide@lowndes-law.com.

14. **Governing Law and Venue**. This Agreement shall be governed by and construed in accordance with the laws of the State of Florida without regard to its conflict of laws provision. Venue for any claim arising out of or related in any way to this Agreement shall be a state or federal court of competent jurisdiction sitting in Seminole County, Florida. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach.

15. **Full Integration**. The Parties agree that this Agreement contains the final and entire agreement between the Parties and that there are no representations, inducements, arrangements, or promises outstanding between Mack and Collis Roofing, either oral or in writing, other than those expressly contained herein. No waiver, amendment or modification of this Agreement or any provision thereof shall be valid unless in writing and duly executed by Mack and Collis Roofing. Failure of any party to exercise any of their respective rights hereunder shall not be construed as a waiver or prevent any party from thereafter enforcing the terms and conditions hereof.

16. **Counterparts**. This Agreement may be executed in counterparts and any of such counterparts may be transmitted by email or facsimile transmission, and each of such counterparts, whether an original, email of an original, or facsimile of an original, will be deemed to be an original, and all of such counterparts together will constitute a single agreement.

**THE PARTIES HAVE READ EACH OF THE ABOVE PROVISIONS OF THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE, FULLY UNDERSTAND THE PROVISIONS SET FORTH HEREIN, AND AGREE TO BE BOUND BY THEM. MACK FURTHER ACKNOWLEDGES THAT THIS AGREEMENT IS INTENDED TO BE, AND IS, A VOLUNTARY AND COMPLETE RELEASE AND BAR TO ANY FUTURE CLAIM OR ACTION BY MACK FOR DAMAGES OF EVERY NATURE AND DESCRIPTION AS**

Darrin Mack

_____
Mack

_____
Collis Roofing

7

0017602\187417\9653566v3

DESCRIBED ABOVE, INCLUDING UNKNOWN OR UNASSERTED CLAIMS, IF ANY, AGAINST COLLIS ROOFING, EXCEPT FOR MACK'S CLAIMS ALLEGED IN THE PENDING EEOC CHARGE, AS WELL AS A VOLUNTARY AND COMPLETE WAIVER BY MACK OF FUTURE EMPLOYMENT WITH COLLIS ROOFING AND ANY OF THE RELEASEES.

COLLIS ROOFING, INC.
a Florida corporation

*[signature: Darrin Mack (Jul 4, 2020 20:25 EDT)]*

**DARRIN MACK, SR.**

Date: Jul 4, 2020

By: *[signature: Wallace S. Fulton III]*
Wallace S. Fulton III
President

Date: July 10th, 2020

# Mack, Darrin v. Collis Roofing, Inc. - SETTLEMENT AGREEMENT AND GENERAL RELEASE_6.29.20

Final Audit Report                                            2020-07-05

| | |
|---|---|
| Created: | 2020-07-02 |
| By: | Jonathan Minick (jminick@jsmlawpa.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAcP02vg2tCAADtE6IaAN_cxj4ntz9AVw8 |

## "Mack, Darrin v. Collis Roofing, Inc. - SETTLEMENT AGREEMENT AND GENERAL RELEASE_6.29.20" History

- Document created by Jonathan Minick (jminick@jsmlawpa.com)
  2020-07-02 - 4:08:00 PM GMT- IP address: 71.143.226.144

- Document emailed to Darrin Mack (mackdarrin599@gmail.com) for signature
  2020-07-02 - 4:10:16 PM GMT

- Email viewed by Darrin Mack (mackdarrin599@gmail.com)
  2020-07-05 - 0:24:33 AM GMT- IP address: 66.102.8.115

- Document e-signed by Darrin Mack (mackdarrin599@gmail.com)
  Signature Date: 2020-07-05 - 0:25:55 AM GMT - Time Source: server- IP address: 172.58.171.65

- Signed document emailed to Darrin Mack (mackdarrin599@gmail.com) and Jonathan Minick (jminick@jsmlawpa.com)
  2020-07-05 - 0:25:55 AM GMT

Adobe Sign